UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WILSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04838-JSC<br><br>**ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR AN EXTENSION OF TIME**<br><br>(ECF Nos. 7, 16) |

Plaintiff, a California prisoner at Salinas Valley State Prison ("SVSP") who is proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Kathleen Allison; SVSP Warden Trent Allen; SVSP Captain Lomeli; and SVSP Correctional Counselor Pizano. Along with the complaint, Plaintiff filed a motion for a temporary restraining order ("TRO") to stop Defendants from moving him from a single cell to a double cell and from transferring him to another prison. (ECF Nos. 1, 2.) The Court denied the TRO and ordered service upon Defendants. (ECF No. 6.) Plaintiff appealed the Court's decision, and the United States Court of Appeals dismissed the appeal. (ECF No. 11.) Plaintiff has filed a second motion for a TRO in which, for a second time, he seeks to stop Defendants from moving him from a single cell to a double cell.

A party seeking a TRO or preliminary injunction must establish he or she is likely to succeed on the merits and likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Where the movant has failed to show a likelihood of success on the

merits, a court need not consider whether the movant would suffer irreparable injury. *See Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

In the instant motion, as in his first motion for a TRO, Plaintiff argues that he has a medical need for a single cell. The Court explained in the order denying his first TRO: "In April 2022, Plaintiff wrote a letter to [Defendant SVSP Warden] Allen stating that his urological condition necessitated a single cell. (ECF No. 1-3 at 52-53.) On May 5, 2022, Allen explained that Plaintiff's doctor did not make a medical recommendation for a single cell. (*Id.* at 55.)" (ECF No. 6 at 3:10-13.) In the present motion, Plaintiff argues that he does have a medical need for a single cell because, according to Plaintiff, on January 21, 2021, Dr. Chungafung recommended it based upon his urological condition. The medical records he cites, however, indicate that Dr. Chungafung simply noted that Plaintiff *requested* a single cell (as well as referral to a neurologist). (ECF No. 16-1 at 9 ("pat requesting ref to neurology to be done and single cell"). There is no other mention of a single cell by Dr. Chungafung, let alone a recommendation for one for medical reasons. Consequently, these records do not indicate that Plaintiff has any likelihood of success on the merits of a claim that moving him out of a single cell would contravene his serious medical needs in violation of the Eighth Amendment. The remainder of the arguments in the present motion were made, considered, and rejected in connection with this prior TRO motion. Accordingly, Plaintiff's second motion for a TRO (ECF No. 16) is DENIED.

Plaintiff's motion for an extension of time (ECF No. 7) is DENIED. He does not identify the deadline he wishes to extend, nor does he have any Court-imposed deadlines.

The date November 8, 2021, on page 2:12 of the order denying the motion for a temporary restraining order (ECF No. 6), is incorrect; that date is changed to November 8, 2018.

**IT IS SO ORDERED.**

Dated: October 27, 2022

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States District Judge

2