UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WILSON,<br><br>   Plaintiff,<br><br> v.<br><br>KATHLEEN ALLISON, et al.,<br><br>   Defendants. | Case No. 22-cv-04838-JSC<br><br>**ORDER GRANTING MOTIONS FOR SANCTIONS AND TO VACATE DEADLINES; DISMISSING CASE**<br><br>Re: Dkt. Nos. 29, 31 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. His motion for a temporary restraining order ("TRO") was denied, and the Court found the complaint, when liberally construed, sufficient to state claims upon which relief may be granted under the Eighth Amendment. (ECF No. 6.) In the same order, service was ordered upon Defendants, and discovery was opened. (*Id.* at 10 ¶ 2, 12 ¶ 5.) Two subsequent motions for a preliminary injunction and a TRO were denied. (ECF Nos. 17, 21.)

Thereafter, Defendants filed a motion to compel Plaintiff's video deposition. (ECF No. 23.) The motion was granted, and Plaintiff was cautioned: "**if he does not appear and fully participate in good faith at any new properly-noticed video deposition, and no new facts justify this failure, this case may be dismissed**." (ECF No. 27 at 3 (emphasis in original).) Plaintiff did not participate in his duly noticed video deposition, and Defendants have filed a motion for a sanction of dismissal under Rule 37(b)(2)(A)(v). (ECF No. 29.) Plaintiff filed an opposition, and Defendants filed a reply brief. (ECF Nos. 32, 33.) For the reasons discussed below, the motion for sanctions is GRANTED, and this case is DISMISSED. In light of this ruling, Defendants' motion to vacate the schedule for dispositive motion briefing is also GRANTED.

# BACKGROUND

On December 16, 2022, Defendants served Plaintiff with a notice of a video deposition on January 5, 2023. (ECF No. 29-1 at ¶ 2.) On December 27, 2022, Plaintiff filed a "notice" objecting to the deposition and stating he would only submit written affidavits. (ECF No. 22.) He alleged[1] he "is unable to move his head, neck, nor his left arm, leg, and he is having severe pain at back of his head, neck and his back." (*Id.* at 2.) He also alleged he "suffers extreme anxiety" and "urinary retention" problems. (*Id.*) Defendants scheduled a teleconference with Plaintiff to discuss potential accommodations, but Plaintiff told defense counsel on the telephone he would not speak to him about the deposition or agree to a future date for it. (ECF No. 29-1 at ¶ 4.)

Defendants filed their motion to compel Plaintiff's video deposition (ECF No. 23) and also served Plaintiff with a second notice for a video deposition, this time for a deposition on February 21, 2023 (ECF No. 29-1 at ☐ 5). On February 9, 2023, Plaintiff filed another "notice" objecting to the deposition, asserting again he could not do a video deposition for the same medical reasons he alleged in his prior objection. (ECF No. 26.) The motion to compel was granted over Plaintiff's objection based on the following reasoning:

> Plaintiff has not shown any justification for excusing his obligation to participate in his deposition by video. Under Rule 30 of the Federal Rules of Civil Procedure, a party may depose any person, including a party, by oral examination. A party is required to appear for a properly noticed deposition. *See Anderson v. America West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976). Plaintiff's medical conditions do not on their face preclude him from sitting in a room with reasonable time breaks and answering questions by video. Moreover, Plaintiff has not submitted a note or affidavit from a medical professional indicating that his medical conditions preclude him from doing so. Therefore, he is not excused from participating in his deposition by video, and his request to provide only written answers to Defendants' deposition questions is denied. Although the date of his recently-noticed deposition (February 21, 2022) has passed, he is required to participate fully and in good faith in any new properly-noticed video deposition.
>
> Federal Rules of Civil Procedure 37(d) provides that the Court may sanction a party who fails, after being served with proper notice, to appear for their deposition. The sanctions may include requiring the party who does not appear to pay reasonable expenses,

---

[1] The notice was not verified, and neither were his two subsequent "notices" or his opposition to the present motion. (ECF Nos. 22, 26, 28, 39.)

2

> including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P.37(d)(3). The court may also dismiss the action as a sanction for a party's failure to appear at their deposition. Fed. R. Civ. P. 37(b)(2)(A)(v). In light of Plaintiff's indigency, a monetary sanction is not just.[2] A sanction of dismissal would be appropriate, however, because Defendants need to take his deposition to fully understand his claims and learn what evidence supports his claims. Without this information, they will be unable to determine whether the case can be resolved by a dispositive motion, defend themselves, or determine if they can negotiate a settlement. In addition, Defendants have twice properly noticed Plaintiff's deposition and attempted to meet and confer with Plaintiff to find reasonable accommodations, but Plaintiff refused to cooperate. If Plaintiff does not appear and fully participate in good faith at any new properly-noticed deposition, and no new facts justify this failure, this case may be dismissed.

(ECF No. 27 at 2-3.) Defendants noticed Plaintiff's video deposition for a third time, for a deposition on March 10, 2023. (ECF No. 29-1 at ¶ 7.) On the morning the deposition was scheduled, however, defense counsel learned Plaintiff refused to leave his cell or participate in the deposition. (*Id.* at ¶ 9.)[3]

In his unverified opposition to the present motion, Plaintiff again asserts he cannot do the video deposition due to his limited mobility.[4] (ECF No. 32.) He alleges he cannot do the video deposition because he suffers from a "traumatic spinal cord injury," (ECF No. 32 at 2:22-23), which has left him "paralyzed in his left side" (*id.* at 2:23), and "cannot sit for more than 15-20 minutes, he has to lie on top of his bed" (*id.* at 3:2, 3:17). He attaches notes by doctors from 2015, 2016, and 2017 describing the limitations on his activities: the 2017 note states "no lifting greater than 5 pounds, no walking greater than 100 yards without a wheelchair, no climbing stairs, no standing for prolonged periods, no sitting greater than 30 minutes, no pushing/pulling greater than 5 pounds." (*Id.* at 8; *see also id.* at 6-7 (recommending similar restrictions in 2015 and 2016).)

Plaintiff also alleges he "requested" production of documents under Rule 34 of the Federal Rules of Civil Procedure, but Defendants "failed to comply with their discovery obligations by

---

[2] Defendants do not seek monetary sanctions (ECF No. 23-1 at 4).
[3] Defense counsel states in his sworn declaration he did not receive an objection to this deposition notice. (*Id.* at ¶ 8) On March 13, 2023, Plaintiff filed another "notice" objecting to the deposition (again citing the same medical conditions as the prior objections) with a proof of service; the notice and proof of service were dated March 2, 2013. (ECF No. 28 at 2, 3.)
[4] Plaintiff does not repeat his prior allegations of anxiety and incontinence.

3

stating 'objection,'" and "the full discovery has not been provided." (*Id.* at 1-2.) He alleges he "notified the court" about this "twice," but the Clerk returned the discovery to him and told him "the enclosed discovery material is being returned to you because discovery is exchange[d] between the parties and not filed with the court" under Rule 5(d)(1) of the Federal Rules of Civil Procedure.[5] (*Id.* at 2.)

Plaintiff also alleges he filed notices objecting to the video deposition "three times," but the Clerk told him "requests to reschedule or cancel a deposition should be exchanged between parties, and not filed with the court." (*Id.*) These three notices were nevertheless filed (ECF Nos. 22, 26, 28) and have been reviewed.

**DISCUSSION**

A district court may dismiss a case if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). A sanction of dismissal is appropriate in "extreme circumstances" of violations "due to willfulness, bad faith, or fault of that party." *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co, Inc.*, 857 F.2d 600, 603 (9th Cir.1988) (internal quotations and citation omitted). Willfulness is defined as "disobedient conduct" that is "within the litigant's control." *Fjelstad v. American Honda Motor Company, Inc.*, 762 F.2d 1334, 1341 (9th Cir. 1985).

The record shows Plaintiff willfully failed to comply with the Court's order to attend his deposition without reasonable justification. The justification he offers --- his mobility impairment --- was already ruled insufficient in the order granting the motion to compel, and Plaintiff has presented no new facts justifying his failure to participate in a video deposition. (ECF No. 27.) As explained to Plaintiff, the limitations on his movement "do not on their face preclude him from sitting in a room with reasonable time breaks and answering questions by video." (ECF No. 27 at 2.) The doctors' notes he submits with his opposition do not change that conclusion because they indicate he could sit or stand for up to 30 minutes at a time (ECF No. 32 at 6-8), which would

---

[5] These "notifications" do not appear on the docket or in the record. If they occurred as alleged by Plaintiff, the Clerk's response would have been correct because Rule 5(d)(1) provides discovery requests "must not be filed until they are used in the proceeding or the court orders filing." The Court did not order Plaintiff's discovery to be filed, nor have they been used in any proceedings.

1    allow him to conduct the video deposition with reasonable time breaks every 30 minutes.  The

2    allegations in his opposition cannot be considered evidence because the opposition is not sworn.[6]

3    (ECF No. 32 at 4.)  Even if his allegations are true, moreover, he indicates he could "sit" for "15-

4    20 minutes" (ECF No. 32 at 3:3, 3:17), which would not have prevented him from participating in

5    answering questions by video while seated with breaks every 15-20 minutes, or while standing for

6    longer periods.  Plaintiff's allegations he did not receive all of the discovery he requested from

7    Defendants and the Clerk returned his discovery requests to him pursuant to Rule 5(b)(1) are not

8    relevant to his ability to participate in his video deposition.  As Plaintiff has not shown any reason

9    beyond his control justifying his failure to comply with the order to participate in his video

10   deposition, the Court finds his non-compliance willful.

11            In addition to willfulness, courts weigh five factors when analyzing whether dismissal is

12   warranted under Rule 37(b)(2)(A)(v): "(1) the public's interest in expeditious resolution of

13   litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

14   sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

15   availability of less-drastic sanctions."  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)

16   (internal quotations and citation omitted).

17            These factors weigh in favor of dismissal in this case.  First, the need for expeditious

18   litigation and the Court's need to manage its docket favor dismissal because Plaintiff's three-time

19   refusal to participate in his video deposition halted the litigation and indicates he will not

20   participate in it if ordered to do so again.  Second, the prejudice to Defendants also weighs in favor

21   of dismissal because, as explained in the prior order, "Defendants need to take his deposition to

22   fully understand his claims and learn what evidence supports his claims.  Without this

23   information, they will be unable to determine whether the case can be resolved by a dispositive

24   motion, defend themselves, or determine if they can negotiate a settlement." (*See* ECF No. 27 at

25   3.)  Third, although public policy generally favors resolution of cases on their merits, in this case,

---

[6] Although he is not an attorney, Plaintiff has demonstrated he knows about the process of verifying pleadings and motions insofar as he verified both his complaint and motion for a temporary restraining order.  (ECF Nos. 1 at 26, 2 at 8.)

it was Plaintiff's own willful conduct of obstructing Defendants' discovery and investigation of the facts and claims that is preventing resolution of the case upon its merits. *See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."). Finally, less drastic sanctions would not be effective here. As explained previously, Plaintiff's indigence would render any monetary sanction unjust. (ECF No. 27 at 3.) Excluding any evidence Defendants could have examined in the deposition would also not be a practicable sanction because that would include all evidence relevant to Plaintiff's claims. And simple admonishment by the Court to appear at his deposition or face dismissal has already proven ineffective.

Because the record establishes Plaintiff willfully refused to follow the Court's order to participate in his video deposition and the *Leon* factors weigh in favor of dismissal, this case will be dismissed under Rule 37(b)(2)(A)(v).

## CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions is GRANTED and this case is DISMISSED. In light of this conclusion, Defendants' motion to vacate the briefing schedule for their dispositive motion is GRANTED.

This order resolves docket numbers 29 and 31.

**IT IS SO ORDERED.**

Dated: October 30, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

6